IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE ROBINSON #A10913, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-CV-1306-SMY |
| | ) |
| DANIEL Q. SULLIVAN, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Eddie Robinson[1], a state prisoner incarcerated at Big Muddy Correctional Center, filed a Petition for Writ of Federal Habeas Corpus pursuant to 28 U.S.C. § 2254 seeking his immediate release (Doc. 1). He raises the following grounds for relief:

1. Petitioner is being held in custody pursuant to a judgment that was vacated in 2001, in violation of the Fifth Amendment;

2. The Illinois Department of Corrections ("IDOC") failed to credit him for time he served in presentencing custody and has failed to properly calculate his sentence.

Respondent Daniel Q. Sullivan, an IDOC warden, opposes issuance of the writ and seeks dismissal of the Petition with prejudice (Doc. 12). Robinson filed a reply (Doc. 19). For the following reasons, Robinson's Petition will be **DISMISSED**.

**Factual Background**

Following a 1994 jury trial, Robinson was found guilty of three counts of aggravated criminal sexual assault in Lee County, Illinois. *People v. Fikara*, 2012 IL App (2d) 100913-U, ¶

---

[1] Petitioner is also known as Shaka Ali Fikara, Ali Fikara, or Shaka Fikara. Documents in the record sometimes refer to him as Eddie Robinson. For purposes of clarity, Petitioner is referred in this order as Eddie Robinson.

2; *People v. Fikara*, 802 N.E.2d 260, 263-264 (Ill. App. Ct. 2003) ("the victim, an 11-year-old girl, testified that defendant had committed acts of a sexual nature against her on at least two different occasions"). Although Robinson was found guilty on three counts, the trial court only sentenced him on Counts I and II to consecutive forty-year prison terms (Doc. 13-4, pp. 14-15). The state appellate court affirmed Robinson's convictions and sentence (Doc. 13-3, ¶ 4), *People v. Fikara*, No. 2-95-1463 (Ill. App. Ct. 1997), and the Illinois Supreme Court denied his Petition for Leave to Appeal ("PLA") in February 1998. *People v. Fikara*, 690 N.E.2d 1384 (Table) (Ill. 1998).

In March 1998, Robinson filed a post-conviction petition, which was granted by the circuit court based on "fundamental fairness and based upon this Court's view of [Apprendi v. New Jersey, 530 U.S. 466 (2000)]" (Doc. 13-4, p. 28). The circuit court held a sentencing hearing on October 24, 2001, with multiple witnesses testifying for the state and for Robinson, and the court considering numerous exhibits (Doc. 19, pp. 87-89). During the hearing, the circuit court noted:

> "This matter comes before the Court for a resentencing on a prior conviction by jury on charges in Count I of 92-CF-120 of aggravated criminal sexual assault and Count II of 92-CF-120, aggravated criminal sexual assault. There had been a conviction on Count III. However, at the original sentencing hearing it was agreed that sentencing by Judge Hornsby would only relate to Counts I and II, and this Court is only addressing Counts I and II . . . the Court again for the record enters a judgment of conviction with regard to those two Counts."

(Doc. 19-1, p. 105).

On October 25, 2001, the circuit court issued a Judgment re-sentencing Robinson to consecutive 40-year prison terms for Counts I and II, with credit for time served on both counts (Doc. 19-1, p. 122). On the same day, the circuit court granted the State's motion to dismiss count III (aggravated criminal sexual assault) (Doc. 13-4, p. 31). The state appellate court affirmed the Judgment. *People v. Fikara*, 802 N.E.2d 260, 263-264 (Ill. App. Ct. 2003). The Illinois Supreme

Court denied Robinson's PLA on March 24, 2004. *People v. Fikara*, 809 N.E.2d 1288 (Table) (Ill. 2004).

On March 17, 2017, Robinson filed a Complaint for Writ of Habeas Corpus in the Lee County, Illinois Circuit Court. Robinson alleged that he was being illegally imprisoned because of an "invalid" sentencing order from 1994 that had been vacated. The circuit court denied Robinson's Petition, finding:

> Plaintiff's allegation that he is being held on an invalid sentencing order that was entered on December 7, 1994, appears to be based upon his misunderstanding that the Motion and Order to Dismiss entered on October 25, 2001, dismissed all of the charges in 92 CF 120. The Motion and Order to Dismiss entered on October 25, 2001, only dismissed Count III of the Amended Information in Lee County case 92 CF 120. Plaintiff was sentenced on Counts I and II and said sentence has been affirmed by the Illinois Appellate Court.

(Doc. 13-4, pp. 67-68).

The state appellate court affirmed the denial of Robinson's Petition and concluded that he is not "being held on an invalid sentence" and that "the dismissal of [Count III] did not disturb the aggregate sentence of 80 years imposed on the other two convictions [of Counts I and II]" (Doc. 13-3, ¶¶ 1, 8). *Robinson v. Baldwin*, No. 2-17-0587, ¶¶ 1, 8 (Ill. App. Ct. 2018). On January 27, 2020, in response to Robinson's "Motion for Order Nunc Pro Tunc Correcting Omissions in Previous Order" the circuit court awarded him credit for time served March 4, 1994 through April 26, 1994, when Robinson was in custody on an unrelated case (Doc. 13-7, pp. 5-6).

In 2019, Robinson filed a "complaint for issuance of an injunction" in the Jefferson County, Illinois Circuit Court, challenging the length of his imprisonment on the basis that his pretrial sentencing credits may have been omitted from IDOC calculations (Doc. 13-6, p. 1). *Robinson v. Sullivan, et al.*, No. 19 MR 157 (Jefferson Cty. Cir. Ct.). The Jefferson County Circuit Court directed the warden to "produce the certificate of time served of the Sheriff from Lee County,

Illinois in this case and to calculate the defendant's sentence in accordance with that certificate" (Doc. 13-7, p. 1). The warden filed a response indicating that Robinson had been awarded pretrial custody credit from March 4, 1994 to April 26, 1994 and that, based on an attached sentence calculation worksheet, his sentence was otherwise correct (Doc. 13-7, pp. 1-4). There is no indication in the record that the Jefferson County Circuit Court ruled in a manner adverse to Robinson or that Robinson appealed this decision to the state appellate court or filed a PLA with the Illinois Supreme Court.

Robinson filed the instant habeas corpus action on November 27, 2019 (Doc. 1). According to the IDOC website, he is currently in custody at Big Muddy Correctional Center, with an admission date of February 15, 1994, a projected parole date of October 13, 2034, and a projected discharge date of October 14, 2037.

## Discussion

Federal habeas relief may be granted to a petitioner who can establish that the state court's adjudication of his claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or where the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "Under [Section] 2254(d)(2), a decision involves an unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Goudy v. Basinger,* 604 F.3d 394, 399 (7th Cir. 2010) (citing *Ward v. Sternes,* 334 F.3d 696, 704 (7th Cir. 2003)). A state court's factual determinations are presumed correct, and the burden rests upon the petitioner to rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Here, Robinson's primary challenge to his custody is the same as asserted in his 2017

Petition for Habeas Corpus and several state court filings; that he is being improperly held in custody on the 1994 judgment that has been vacated. Regardless of whether Robinson presents his challenge as a Fifth Amendment violation or an unreasonable application of the previous orders and facts, this Court declines to grant him habeas relief.

The state courts have repeatedly found that he is in custody based on the 2001 criminal judgment – not the 1994 judgment – and is serving two consecutive forty-year sentences for aggravated criminal sexual assault in accordance with the judgment. Robinson has presented no evidence that he is not being held in custody pursuant to that judgment or that this 2001 judgment has been vacated. As such, the state courts have not adjudicated his claim in a way that is contrary to or involves an unreasonable application of constitutional law. Nor has Robinson proffered clear and convincing evidence that the state courts' finding that he is serving time pursuant to the 2001 criminal judgment is incorrect.[2]

Robinson's challenge to the length of his sentence and good time credit is unavailing as well. In 2019 and 2020, state courts reviewed Robinson's criminal judgment and concluded that he had not been properly credited for time served in pretrial custody. As a result, he was awarded additional credit for time served. The Jefferson County Circuit Court subsequently confirmed that Robinson's time has been properly calculated. Robinson has not challenged these determinations through "one complete round of the State's established appellate review process," as required for this Court to consider this argument. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. §2254(c). As such, Robinson has procedurally defaulted on this argument. *Id.*

## Disposition

For the foregoing reasons, Petitioner Eddie Robinson's Habeas Corpus Petition is

---

[2] Robinson challenged his prison sentence and 2001 criminal judgment in a different habeas petition that was dismissed for similar reasons in 2004. *Fikara v. Hinsley*, No. 04 C 50282, 2004 WL 2967036, at *1 (N.D. Ill. Dec. 2, 2004).

**DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

### Certificate of Appealability

For the reasons detailed above, the Court has determined that Robinson has not made a substantial showing of the denial of a constitutional right or an unreasonable factual determination by the state courts and that no reasonable jurist would find it debatable whether this Court's rulings were correct. Accordingly, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** September 26, 2023

**STACI M. YANDLE**
**United States District Judge**